# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN A. RANDOLPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLYN COLVIN, Acting | ) Case No. 13-CV-242-JHP-PJC |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On July 2, 2014, the United States Magistrate Judge entered a Report and Recommendation in regard to Plaintiff's request for judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner"). (Doc. No. 21). The Magistrate Judge recommended that this Court affirm the decision of the Administrative Law Judge ("ALJ"). The Plaintiff, Brian A. Randolph, has filed an objection to the Magistrate Judge's Report and Recommendation pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(a). (Doc. No. 22).

### Introduction

The Magistrate Judge summarizes the issues raised by Plaintiff on appeal as follows:

Randolph's sole point on appeal is that the ALJ's RFC determination was not supported by substantial evidence, but he makes several separate arguments under this one point. First, Randolph contends that the ALJ's analysis of the opinion evidence of Dr. Garner was flawed. Plaintiff's Opening Brief, Dkt. #17, pp. 6-7. Second, Randolph states that the ALJ erred by finding his physical impairments of degenerative disc disease and hypertension to be nonsevere. *Id*. at 8-9. Finally, Randolph contends that the ALJ failed to develop the record as required. *Id*. at 9-10. (Doc. No. 21 at 11).

This Court finds that the Report and Recommendation of the Magistrate Judge is supported by the record with respect to the Magistrate's findings on the second and third issues described above, the issues of the Plaintiff's physical impairments and the ALJ's duty to develop the record.[1] However, the Court finds that the Report and Recommendation of the Magistrate Judge is not supported by the record with respect to the first issue, the ALJ's analysis of the opinion evidence of Dr. Garner.[2]

This Court's review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court may reverse and remand the Commissioner's decision only if it is not supported by substantial evidence or the correct legal standards were not applied. *Hamlin v. Harnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). When evidence is in the form of an examining physician's opinion, the ALJ may reject that opinion only if the ALJ provides an explanation. *Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003). Because the ALJ failed to include nonexertional limitations recommended by Dr. Garner and did not properly justify his failure to include those limitations, the ALJ's decision is not supported by substantial evidence and did not properly apply the legal standards. Therefore, the Commissioner's decision must be **REVERSED** and **REMANDED** for further consideration consistent herewith

.

---

[1] The Court refers to those sections of the Report and Recommendation corresponding to the headings "Physical Impairments" (Doc. No. 21, at 14) and "Duty to Develop" (Doc. No. 21, at 16).
[2] Though the Court does not adopt the Magistrate's findings regarding the ALJ's treatment of Dr. Garner's opinion evidence, the Court finds that the Magistrate's explanation of the Claimant's Background (Doc. No. 21, at 1), Procedural History (Doc. No. 21, at 8), and Social Security Law and Standard of Review (Doc. No. 21, at 8) are sound and adopts them as its own.

**Background**

Dr. Denise L. Garner evaluated Plaintiff on May 25, 2010. Dr. Garner reviewed Plaintiff's records, performed a mental status evaluation, and conducted a psychodiagnosis interview. (R. 318). Based on this evaluation, Dr. Garner assigned Plaintiff a GAF Score of 42 and reported that Randolph possessed the following estimated capabilities:

1. At the maximum, the claimant appears to be able to understand and remember moderately complex instructions during a normal workday.
2. At the maximum, the claimant can concentrate and persist on simple tasks during a normal work day.
3. The claimant demonstrated the capacity, at the maximum, to interact in a limited contact situation involving the public during a normal workday.
4. The claimant demonstrated the capacity, at the maximum, to interact in a limited contact situation involving work supervisors and/or co-workers.
5. The claimant, at the maximum, has the ability to adapt to a simple work environment.
6. The claimant appears to be incapable of managing his own funds independently. . . . (R. 321-22).

On July 23, 2010 Dr. Carolyn Goodrich, a nonexamining agency consultant, completed a Psychiatric Review Technique form and a Mental Residual Functional Capacity Assessment. (R. 332-49). Dr. Goodrich reviewed and summarized the report of Dr. Garner and found that Plaintiff could "perform simple complex tasks," could relate to others on a superficial work basis, but not the general public, and could adapt to a work situation. (R. 348).

Though the Administrative Law Judge describes portions of Dr. Garner's findings (R. 26) and states that he gives "great weight to the opinions of the consultative examiners" (R. 28), he omits some of Dr. Garner's findings in the list of nonexertional limitations on Plaintiff's residual functional capacity ("RFC"). The ALJ finds:

"the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is able to understand, remember, and carryout simple and some moderately complex

3

instructions and able to relate and interact with co-workers and supervisors on a work-related basis only with no or minimal interaction with the general public." (R. 23).

## Analysis

The Plaintiff argues on appeal that the ALJ failed to consider Dr. Garner's opinion properly in determining the nonexertional limitations on Plaintiff's RFC. Though an ALJ is not bound by the opinion of any physician or consultant, the ALJ must discuss all opinion evidence and explain what weight he or she gives it. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). The opinion of a treating physician is generally given more weight than that of an examining consultant, and the opinion of a nonexamining consultant is given the least weight. *Id*. The ALJ must provide specific legitimate reasons for rejecting the opinion of an examining physician such as Dr. Garner. *See Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003); *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007).

Dr. Garner found that the Plaintiff could only interact with supervisors and/or coworkers in a "limited contact situation." (R. 322). When Dr. Goodrich reviewed Dr. Garner's opinion along with other evidence she found that the Plaintiff could relate only on a "superficial work basis." (R. 348). However, the ALJ included neither of the doctors' findings in the nonexertional limitations to the RFC, instead finding that Plaintiff could interact with supervisors and coworkers on a "work-related basis only." (R. 348). Though the ALJ did discuss the "limited contact" language in his opinion (R. 22), he did not provide an explanation for his deviation from the opinions of Drs. Garner and Goodrich. The Court finds that the omission was more than harmless error. "Responding appropriately to supervision, co-workers, and usual work situations" is generally required by "competitive, remunerative, unskilled work." SSR 96-9p. The opinions of Drs. Garner and Goodrich both indicate that Plaintiff has less than a full capacity

to respond appropriately in work situations. The ALJ did not have discretion to deviate from those opinions without explanation.

Though Dr. Garner reported that the Plaintiff could "concentrate and persist on simple tasks during a normal work day" the ALJ found that Plaintiff could "carryout simple and some moderately complex instructions." The ALJ failed to explain why he did not adopt Dr. Garner's opinion that Plaintiff could concentrate and persist only on simple tasks and instead came to the inconsistent and unsupported conclusion that Plaintiff could carryout moderately complex instructions. Similarly, the ALJ also failed to explain why he did not adopt other limitations recommended by Dr. Garner, including that Plaintiff could only "adapt to a simple work environment" and cannot manage his own funds.

The Commissioner argues that even if it was error for the ALJ to find that Plaintiff could carryout "moderately complex instructions" rather than "simple tasks," the error was cured by the fact that at step five the vocational expert ("VE") identified unskilled jobs that involve only simple tasks. The Commissioner cites *Chrismon v. Colvin*, 531 Fed. Appx. 893, 899-90 (10th Cir. 2013) (unpublished) for the proposition. However, *Chrismon* is distinguishable from the case at hand. In *Chrismon*, the ALJ failed to include a restriction to "simple, repetitive tasks." *Id*. The court found that the omission was harmless error because the VE at step five identified two reasoning level one jobs. Reasoning level one jobs require only "commonsense understanding to carry out simple one- or two- step instruction." U.S. Dep't of Labor, Dictionary of Occupational Titles, Appx. C (4th ed.). The reasoning level one jobs were consistent with the restriction to "simple, repetitive tasks," so even had the ALJ included that restriction the outcome would have been the same. Unlike in *Chrismon*, each of the jobs identified in the case at hand by the VE are reasoning level two jobs, which require the ability to carry out detailed instructions. Carrying out

5

detailed instructions is inconsistent with Dr. Garner's opinion that Plaintiff can only "concentrate and persist on simple tasks;" therefore, the ALJ's error in omitting the limitation without explanation was not harmless error. Similarly, the jobs identified by the VE do not necessarily correlate to a "simple work environment," and therefore do not cure the ALJ's failure to explain why he did not include the "simple work environment" limitation recommended by Dr. Garner.

Finally, Plaintiff asserts that the ALJ failed to consider properly the GAF score of 42 assigned by Dr. Garner. Plaintiff argues that the GAF score indicates that Plaintiff is not able to sustain work. (Doc. No. 17 at 7). The ALJ did acknowledge the GAF score, but dismissed the score by stating that it represents only a snapshot of functioning on one particular day. (R. 26). The Commissioner argues that the ALJ was not required to weigh the score given his "obvious consideration of Dr. Garner's opinions." (Doc. No. 19 at 5). Had the ALJ otherwise fully engaged Dr. Garner's opinion, it might not have been necessary for the ALJ also to weigh the GAF score. However, as detailed above, the ALJ did not properly analyze Dr. Garner's opinion, and therefore the ALJ's treatment of Dr. Garner's opinion cannot remedy his failure to weigh the GAF score.

## Conclusion

The ALJ's decision is not supported by substantial evidence and does not apply the proper legal standards because the ALJ failed to analyze the opinion evidence of Dr. Garner. Upon full consideration of the entire record and the issues presented herein, the Court orders that the Report and Recommendation entered by the United States Magistrate Judge on July 30, 2014, be **AFFIRMED** and **ADOPTED IN PART** and **REJECTED IN PART** by this Court as

described above. Therefore, the Court **REVERSES** and **REMANDS** the decision of the Commissioner for further consideration consistent herewith.

IT IS SO ORDERED this 30th day of September, 2014.

*James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma